UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS MATTES )<br>      Plaintiff  ) <br>                ) <br> v.             ) <br>                ) <br> RICHARD CHEVROLET, INC. ) <br>      Defendant ) <br>                ) | CIVIL ACTION <br><br> TRIAL BY JURY <br> DEMANDED <br><br> JANUARY 30, 2013 |

### COMPLAINT

1. This is an action brought by a consumer against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*

2. Plaintiff, Thomas Mattes, is a consumer residing in Southington, Connecticut, and is a "consumer" as that term is defined in 15 U.S.C. § 1602(i).

3. Defendant, Richard Chevrolet, Inc. is a Connecticut corporation that operates in Cheshire, CT.  Richard Chevrolet is a "creditor" as defined by 15 U.S.C. § 1602(g).

4. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

5. This Court has jurisdiction over Richard Chevrolet because it is located in Connecticut and regularly does business in Connecticut.

6.  Venue in this Court is proper, because the transaction alleged herein occurred in this state.

7.  Mattes has been retired since 2001.  He has a high school education, and he has had cognitive difficulties since suffering a stroke several years ago.

8.  Prior to February, 2012, Plaintiff drove a 2004 Chevrolet Venture, which had over 100,000 miles.

9.  On or about February 13, 2014, Plaintiff visited Crowley Chrysler Plymouth, Inc. ("Crowley") in Bristol, CT, and he leased a new 2012 Jeep Liberty (the "Jeep").

10.  Immediately after Mattes entered into the lease agreement, Crowley assigned the lease to USB Leasing of Oshkosh, WI, and it caused the Jeep to be registered to USB Leasing as the owner.

11.  Shortly after entering into the lease, Plaintiff discovered that he experienced back pain when driving the Jeep.

12.  Plaintiff asked Crowley if he could return or exchange the Jeep, which request Crowley refused.

13.  On or about February 25, 2012, Plaintiff went to Richard Chevrolet in an attempt to exchange the Jeep.

14.  Richard Chevrolet showed him a 2011 Chevrolet Impala (the "Impala") with more than 2,500 miles on the odometer.

15.  Richard Chevrolet told Plaintiff that the Impala was a demonstrator.

16.  In reality, the Impala had previously been sold to a rental company that was owned by or related to Richard Chevrolet, and it was subsequently used as a rental car, a loaner vehicle, or both.

17.  Additionally, on or about August 20, 2011, the Impala had been in an accident and suffered damage in multiple places.

18. Richard Chevrolet did not disclose the prior accident to Plaintiff.

19. Richard Chevrolet told Mattes that he could turn in the Jeep and purchase the Impala, and it prepared a purchase order and a retail installment sales contract, which Plaintiff executed.

20. Although the Impala was nearly a year old, had been used as a loaner vehicle or a rental vehicle, had been driven over 2,500 miles, and had been in an accident, Richard Chevrolet charged Mattes a cash price of $24,372, which was nearly the same cost for a comparably equipped, new 2012 Impala.

21. The fair retail value of the Impala would have been only about $18,500 if the history provided by Richard Chevrolet had been accurate.  However, the Impala's prior ownership by a rental company and the prior accident both significantly reduce the fair retail value even further below the purchase price.

22. Richard Chevrolet recognized that Mattes was confused and impaired, and it unfairly and improperly took advantage of his confusion and impairment by charging him an unconscionable price for the Vehicle.

23. Richard Chevrolet violated CUTPA by its false statements regarding the Vehicle's history and by egregiously taking advantage of Mattes's cognitive impairment.

24. Additionally, Richard Chevrolet violated TILA by listing the Jeep as a "trade-in," on the itemization of the amount financed, even though Plaintiff was not the owner of the Jeep.

25. In reality, Richard Chevrolet purchased the Jeep directly from USB Leasing, effectively canceling the lease, and Mattes was never the owner of the Jeep.

26. Richard Chevrolet further violated TILA by falsely listing a net trade-in amount of $12.77 and including that as part of the down payment on the Vehicle, even though that amount was never paid by Mattes.

27. Plaintiff did not understand the nature of the transaction that he entered into, and Richard Chevrolet's inaccurate itemization of the amount financed and its inaccurate statement of the down payment, which may have also included a false rebate, contributed to his confusion, resulting in his being significantly "underwater" in the transaction, in that the amount that he owed on the loan for the Vehicle was substantially greater than the Vehicle's value.

28. Richard Chevrolet violated CROA by making false statements to Ally Bank, the assignee of the retail installment sales, regarding the Vehicle.

29. Specifically, Richard Chevrolet listed the mileage of the Vehicle on the purchase order as 171 miles. Additionally, Richard Chevrolet in all likelihood misrepresented the Vehicle's history to Ally Bank so that it would believe that it had greater value than was actually the case, all in order to induce it to extend credit to Mattes.

30. Mattes experienced back discomfort with the Impala and needed to trade it in for a different vehicle, and he was allowed only $10,500 for the Impala by Crowley Nissan, which was $9,455.72 less than the amount that he owed to Ally Bank, the assignee of the retail installment contract for the Impala.

**Wherefore, Plaintiff claims,** actual damages plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640, actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) and attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3)(a)(1),  actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g)  and such other further relief to which Plaintiff is, at law or in equity, and by statute, entitled to against Richard Chevrolet.

**PLAINTIFF, THOMAS MATTES**

By: /s/ Daniel S. Blinn_____
Daniel S. Blinn, ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457